

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

November 21, 1966

Hon. Charles E. Hughes
County Attorney
Bowie County
Texarkana, Texas

Opinion No. C-779

Re: Whether the commissioners
court may expend county
funds to pay for telephone
service between the offices
of the county and district
clerks at the county seat
and the Texarkana Telephone
Exchange. Whether the
District Clerk of Bowie
County is authorized to
establish and maintain a
full time branch office

Dear Mr. Hughes:                         in the City of Texarkana.

In two letters to this office you have requested
opinions in regard to the above referenced matters. Two
questions are involved, which may be stated as follows:

(1) May the Commissioners Court of Bowie County
expend county funds to pay for telephone service between the
offices of the county and district clerks at the county seat
and the Texarkana Telephone Exchange, thereby allowing members
of the public as well as county officials to make direct tele-
phone calls, not subject to long distance charges, between
Texarkana and the offices of the county and district clerks
at the county seat in Boston, Texas?

(2) May the District Clerk of Bowie County estab-
lish and maintain a full time branch office in the City of
Texarkana?

The following constitutional and statutory provisions
are applicable to discussion of your first question. Article
XVI, Section 6, of the Texas Constitution provides:

"Sec. 6. No appropriation for private or
individual purposes shall be made. A regular

-3736-

statement, under oath, and an account of the receipts and expenditures of all public money shall be published annually, in such manner as shall be prescribed by law."

Article 2351, Vernon's Civil Statutes, provides in part as follows:

"Each commissioners court shall:

"1. . . .

"7. Provide and keep in repair court houses, jails and all necessary public buildings.

" . . .

"10. Audit and settle all accounts against the county and direct their payment.

" . . .

"15. Said court shall have all such other powers and jurisdiction, and shall perform all such other duties, as are now or may hereafter be prescribed by law."

Article 3899b, Vernon's Civil Statutes, provides in part that:

"Section 1. There shall be allowed to County Judges, Clerks of the District and County Courts, Sheriffs, County Treasurers, Tax Assessors and Collectors, such books, stationery, including blank bail bonds and blank complaints, and office furniture as may be necessary for their offices, to be paid for on the order of the Commissioners Court out of the County Treasury; and suitable offices shall also be provided by the Commissioners Court for said officers at the expense of the county. And such books and stationery as are necessary in the performance of their duties shall also be furnished Justices of the Peace by said Commissioners Court. Provided all purchases herein must be approved by Commissioners Court, and must be made under the provisions of Article 1659, Revised Civil Statutes of Texas, 1925."

Article XVI, Section 6, of the Texas Constitution quoted above prohibits the expenditure of public funds for private or individual purposes. The fact that such private or individual purposes may incidentally be served as a result of public moneys being spent on public purposes does not automatically place the expenditure under the ban of Article XVI, Section 6. The Supreme Court of Texas in the case of Barrington v. Cokinos, stated:

". . .On the other hand an expenditure for the direct accomplishment of a legitimate public and municipal purpose is not rendered unlawful by the fact that a privately owned business may be benefited thereby." 338 S.W.2d 133, 140 (Tex. 1960).

A county commissioners court clearly has the authority under those portions of Articles 2351 and 3899b, quoted above, to provide telephone service for the clerks of the district and county courts. Whether or not such service should be provided is a matter within the discretion of the commissioners court. ". . . The presumption is in favor of the validity of the act or order of the commissioners' court, when the matter is within its jurisdiction." 15 Tex.Jur.2d 276, Counties 8 47 (and cases cited).

The fact that the proposed telephone service in this case would cost $185.00 per month as opposed to present long distance charges of $20.00 per month would not in itself be sufficient to say that as a matter of law the commissioners court would be abusing its discretion if it decided on the more expensive service. This office cannot interpose its judgment on a matter solely within the discretion of a commissioners court.

The following statutory provisions are applicable to discussion of your second question. Article 1605, Vernon's Civil Statutes, provides in part that:

"The County Judge, Sheriff, Clerks of the District and of the County Courts, County Treasurer, Assessor and Collector of Taxes, County Surveyor and County Attorney of the several counties of this State, shall keep their offices at the county seats of their respective counties; . . ."

Article 199 (5), Vernon's Civil Statutes, provides in part as follows:

Hon. Charles E. Hughes, page 4 (C-779)

> ". . .provided that the District Clerk of
> Bowie County or his deputy shall wait upon said
> Court when sitting at Texarkana, Texas, and shall
> be permitted to transfer all necessary books,
> minutes and records to Texarkana, Texas, while
> the Court is in session there; and likewise to
> transfer all necessary books, minutes, records
> and papers from Texarkana, Texas, to Boston,
> Texas, at the end of each session in Texarkana,
> Texas."

Article 199 (102), Vernon's Civil Statutes, provides in part as follows:

> ". . .provided that the District Clerk of
> Bowie County or his deputy shall wait upon said
> Court when sitting at Texarkana, Texas, and
> shall be permitted to transfer all necessary
> books, minutes, records and papers to Texarkana,
> Texas, while the Court is in session there;
> and likewise to transfer all necessary books,
> minutes, records and papers from Texarkana,
> Texas, to Boston, Texas, at the end of each
> session in Texarkana, Texas."

Article 1605, Vernon's Civil Statutes, quoted above, is the general law regulating the location of the offices of the clerks of district courts. This Article provides that such offices shall be located in the county seats of the respective counties. Article 199 (5) and Article 199 (102), Vernon's Civil Statutes, provide that the District Clerk of Bowie County or his deputy shall be permitted to wait upon a district court when such court is ". . .sitting at Texarkana, Texas, . . ." and further provide that the district clerk shall be permitted to transfer any necessary documents to Texarkana, Texas, ". . . while the court is in session there; . . ."

Article 199 (5) provides that the District Courts of the 5th Judicial District shall have the authority to ". . . sit at any time in Texarkana, Texas, to try, hear and determine any civil and criminal nonjury case, and may hear and determine motions, arguments and such other nonjury civil and criminal matters as may come before the Court; . . ." Article 199 (102) gives identical authority to the District Courts of the 102nd Judicial District. Those portions of Article 199 (5) and Article 199 (102) quoted above which allow the district clerk to "wait upon said Court when sitting at Texarkana, Texas, . . ." cannot properly be interpreted as blanket exceptions to the provisions

of Article 1605, Vernon's Civil Statutes, which provide that the ". . .Clerks of District . . . Courts, . . . shall keep their offices at the county seats of their respective counties; . . ." The purpose of these provisions is quite obviously to give authority to the district clerk to perform such of his functions as are necessary and complementary to the performance by the respective district courts of those functions which these courts may perform in Texarkana pursuant to the authority granted to these courts by the provisions of Article 199 (5) and Article 199 (102) of Vernon's Civil Statutes. No other interpretation of these provisions would be compatible with any accepted rules of statutory construction.

## S U M M A R Y

It is within the discretion of the Commissioners Court of Bowie County to determine whether or not to expend county funds to pay for telephone service between Texarkana and the offices of the county and district clerks at the county seat. The District Clerk of Bowie County may not establish and maintain a full time branch office in the City of Texarkana.

Yours very truly,

WAGGONER CARR
Attorney General

By: Lewis E. Berry, Jr.
Assistant

LEBjr:ra:mkh

APPROVED:
OPINION COMMITTEE

Pat Bailey, Chairman
John Reeves
Harold Kennedy
Bob Flowers

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright